# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Drew Gillham, et. al.,
    Plaintiffs

vs

Kendra Jordan, et. al.,
    Defendants

Case No. C-1-06-495
(Spiegel, J)
(Hogan, M.J.)

## REPORT AND RECOMMENDATION

This matter came before the Court on Defendant's Motion to Dismiss or in the Alternative for Summary Judgment and Memorandum in Support (Doc. 7), Plaintiff's letter regarding Defendant's petition for removal from Hamilton County Court of Common Pleas to United States District Court (Doc. 8 at 1, 2), and Defendants' Response to Letter of Plaintiff Drew Gillham dated October 12, 2006 and Docketed on October 25, 2006 (Doc. 9).

## BACKGROUND

Plaintiff Drew Gillham is a licensed C.P.A. (Doc. 2, Complaint, ¶2). On April 5, 2006, a federal grand jury sitting in Cincinnati charged Plaintiff in a four count indictment with criminal violations of the federal tax laws. (Doc. 2, Ex. B, Indictment). These charges stemmed from allegations that Plaintiff failed to pay at least $14,000 in income tax for 1999, $38,000 in for 2000, and $12,000 for 2001. (Id. at 1, 2). Defendant Ralph Kohnen, an Assistant United States Attorney and Deputy Criminal Chief in the United States Attorney's Office for the Southern District of Ohio, signed the indictment. (Exhibit B).

On April 12, 2006, a Summons In A Criminal Case was issued to Plaintiff Drew Gillham, instructing him to appear before United States Magistrate Judge Timothy S. Black at the Potter Stewart U.S. Courthouse on April 27, 2006 at 1:30

p.m. to answer the criminal indictment returned against him. (Doc. 2, Ex. A). Defendant Kendra Jordan, an employee in the Office of the Clerk for the United States District Court for the Southern District of Ohio in Cincinnati, signed the Summons as the Issuing Officer. (Id. , Ex. A).

Plaintiff failed to appear in federal court on April 27, 2006 and a warrant for his arrest was issued. Plaintiff was apprehended by United States Marshals on May 1, 2006 and taken before the Magistrate Judge for criminal processing. (Doc. 2, ¶¶ 43-49 ).

On June 29, 2006, Plaintiff and his wife, Plaintiff Stacy Gillham, filed the present lawsuit in the Hamilton County Court of Common Pleas, claiming that the signed indictment and summons constituted "sham" legal documents under O.R.C. § 2921.52 and Defendants, in their respective individual capacities, are liable for resulting damages. (Doc. 2, ¶¶ 57, 59).

In sum, Plaintiffs allege that the federal indictment returned against Plaintiff Drew Gillham on April 5, 2006 is deficient in numerous respects and, as such, constitutes a sham legal document under § 2921.52 of the Ohio Revised Code. Plaintiffs contend that Defendant Kohnen is responsible for the issuance of the purportedly sham indictment and, as such, is liable to them in his individual capacity for the monetary damages they sustained as the result of the issuance of the purportedly sham indictment.

In a similar vein, Plaintiffs allege that the summons issued to Plaintiff Drew Gillham on April 12, 2006 is deficient in numerous respects and, as such, constitutes a sham legal instrument under § 2921.52 of the Ohio Revised Code. Plaintiffs contend that Defendant Jordan is responsible for the issuance of the purportedly sham summons and, as such, is liable to them in her individual capacity for the monetary damages they sustained as the result of the issuance of the purportedly sham summons.

On July 26, 2006, Defendant Kohnen and Defendant Jordan, pursuant to 28 U.S.C. § 1442(a)(1) and (3) and 28 U.S.C. §1446, removed the lawsuit to this Court. Defendants have filed the present motion requesting that the Court dismiss the claims asserted against them in this lawsuit or, in the alternative, grant them summary judgment.

# OPINION

## Plaintiffs' Motion to Remand Should be Denied

Defendants' Notice of Removal has been filed pursuant to 42 U.S.C. § 1442(a)(1) and (3) and 42 U.S.C. § 1446. In response, Plaintiffs have written a letter which the Court construes as a motion to remand. 28 U.S.C. § 1442 allows for removal of the case to the "district and division embracing the place where it is pending" if:

> Any officer (or person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). This section applies equally with respect to any officer of the courts of the United States, for any act under color of office or in the performance of his duties. 28 U.S.C. § 1442(a)(3).

The traditional "color of title" test regarding removal of an action from state to federal courts has requires a "'causal connection' between the charged conduct and asserted official authority." *Stein-Sapir v. Birdsell*, 673 F.2d 165, 166 (6th Cir. 1982). The United States Supreme Court has held that the "color of office" test's "causal connection" criteria is satisfied if the relationship between the plaintiff and defendant is derived solely from the defendant's official duties, i.e. on duty, at their place of federal employment, at all the relevant times. *See Willingham v. Morgan*, 395 U.S. 402, 409 (1969). In the case *sub judice*, Plaintiffs have sued Defendants for damages resulting from an alleged "sham legal process." (Doc. 2, at ¶¶ 26-28). Defendant Kohnen, Deputy Criminal Chief for the United States Attorney's Office, signed a warrant as party of his duties in that office. (Doc. 7, Exhibit C, Declaration of Gregory Lockhart). Soon after, Kendra Jones, a deputy clerk for the United States District Court, Southern Division of Ohio, issued a summons pursuant to her employment. (*Id.*). These actions clearly establish that Defendants were acting under color of title, entitling them to remove Plaintiffs' case from the Hamilton County of Court of Common Pleas to the federal district and division embracing it, the United States District Court,

3

Southern District of Ohio, Western Division. *See Willingham*, 395 U.S. 402.

Among the allegations made by Plaintiffs in their motion to remand are that Defendants failed to file a "petition for removal;" Defendants' Complaint attached to the notice of removal does not contain "bona fide" signatures required under Rule 11; and the removal procedure failed to satisfy 28 U.S.C. § 2679. (Doc. 8). Plaintiffs' motion is without merit.

28 U.S.C. § 1446, provides in pertinent part that:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). Contrary to Plaintiffs' first two contentions, § 1446 requires a *notice* of removal and not a *petition* of removal. Furthermore, the language of the relevant section expressly states that *copies* are sufficient and that it is the notice of removal that must be signed, as was done in the present case. (Doc. 1, Notice of Removal at 3).

Plaintiffs' final argument alleging that removal from State court was inappropriate is rebutted under 28 U.S.C. § 1442, which, as mentioned above, allows for Defendants to remove Plaintiffs' case to the federal district and division embracing the action.

Finally, 28 U.S.C. § 1447(c) states as follows: "[a] motion to remand the case on the basis of a defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Defendants filed their Notice of Removal on July 26, 2006. (Doc. 1). However, Plaintiff's request for remand was not filed until October 25, 2006.

(Doc. 8).[1] As such, Plaintiffs' request for remand is untimely and should be denied. *See* 28 U.S.C. § 1447(c).

### Defendants' 12(b)(6) Motion to Dismiss Should be Granted

In determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). The motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985)(citations omitted)(emphasis in original)). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977)).

Plaintiffs allege in their complaint that Defendants violated the law and knowingly damaged Plaintiff Drew Gillham by mailing an alleged sham indictment and summons in violation of O.R.C. § 2921.13. (Doc. 2, ¶ 22). As a

---

[1] While actually docketed on October 25, 2006, Plaintiffs' letter was given the filing date of October 12, 2006, the date it allegedly was written.

5

result, Plaintiffs state they have lost significant amounts of money in the form of attorney's fees, lost income during Drew Gillham's incarceration. In addition Plaintiffs' state they have been publicly shamed and humiliated and suffered loss of consortium and comfort related to their marriage. (Id. at ¶¶ 52-55). For the reasons which follow, we find that Defendants are immune from suit for damages and therefore, Defendants' Motion to Dismiss should be granted.

It is well established that absolute, or "quasi-judicial" immunity, which is derived from the common law immunity granted to judges, extends to prosecutors when the prosecutorial activity is "intimately associated with the judicial phase of the criminal process." *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 420, 430 (1976)).[2] Absolute immunity does not, however, extend to actions taken as an investigator or administrator. *See Burns v. Reed*, 500 U.S. 478, 494-95 (1991). In determining whether a prosecutor is entitled to absolute immunity, courts have applied a "functional analysis," *see Grant v. Hollenbach*, 870 F.2d 1135, 1137-38 (6th Cir. 1989), focusing on the "nature of the function performed, not the identity of the actor who performed it." *Ireland*, 113 F.3d at 1443(quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). "The critical inquiry is how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process." *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993), *cert. denied*, 512 U.S. 1237 (1994)(quoting *Joseph v. Patterson*, 795 F.2d 549, 554 (6th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987)). A prosecutor seeking an indictment is shielded from liability because anything less than absolute immunity "could impair the performance of a central actor in the judicial process. *Malley v. Briggs,* 475 U.S. 335, 343 (1986).

In the present case, the entirety of Plaintiffs' claims concern Defendant Kohnen's actions with respect to the issuance of the indictment against Plaintiff Drew Gillham. Defendant's conduct falls squarely within the conduct protected by absolute prosecutorial immunity. *Malley*, 475 U.S. at 343; *see also Ireland*, 113 F.3d at 1446-47. As such, Defendant Kohnen is entitled to absolute immunity

---

[2] While *Imbler* involved a state prosecutor, the distinction has been held to be irrelevant. *See Windsor v. The Tennessean*, 719 F.2d 155, 164 n.11 (6th Cir. 1983)(citing *Harlow v. Fitzgerald*, 102 2738-39, n.30 (1982); and *Butz v. Economou*, 438 U.S. 478, 504 (1978)("it would be untenable to draw a distinction for purposes of immunity law between suits brought against state officials under § 1983 and suits brought directly under the Constitution against federal officials.")).

6

and, to the extent Plaintiffs' claims constitute constitutional or statutory tort claims against Defendant Kohnen, Plaintiffs' claims should be dismissed.

Similarly, it is well established that quasi-judicial immunity extends to persons performing tasks "so integral or intertwined with the judicial process that they are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). As stated above, under the functional approach, we look to the function performed, not the person performing it. *See Ireland*, 113 F.3d at 1443. In the present case, Plaintiffs' claims pertain solely to Defendant Jordan's issuance of the April 12, 2006 summons. As the Court in *Coleman v. Farnsworth*, 90 Fed. Appx. 313, No. 03-3296, 2004 WL 339590 (10th Cir. Feb. 24, 2004), noted, "a clerk must have unfettered discretion to review a complaint or other pleadings supporting the issuance of a summons to determine whether the requisite filing requirements have been met and a summons should issue." For this reason, a clerk's duties regarding the issuance of a summons has been held to involve a judicial act, or one having an integral relationship with the judicial process. *Id.; see also Petersen v. Garett*, No. 04-60196, 2007 WL 465732 at *3 (E.D. Mich. Feb.6, 2007). Accordingly, we find that Defendant Jordan is entitled to absolute quasi-judicial immunity, and, to the extent Plaintiffs' claims constitute constitutional or statutory tort claims against Defendant Jordan, Plaintiffs' claims should be dismissed.

Alternatively, Defendants argue that, to the extent Plaintiffs' claims are deemed to be common law tort claims[3], the claims should be dismissed because Defendants are immune from suit pursuant to the Westfall Act.

The Westfall Act, 28 U.S.C. § 2679, provides, in pertinent part:

The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of

---

[3] While we do not believe that Plaintiffs' Complaint asserts claims other than constitutional and statutory claims (*See* Doc. 2, Complaint at Introduction, ¶¶ 8, 57, 59), we will, nonetheless, address Defendants' alternative argument.

7

> the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1). As such, Defendants, as federal employees, are afforded absolute immunity from common law tort liability in their individual capacities for any negligent or wrongful act taken within the scope of their federal employment. *Woods v. McGuire*, 954 F.2d 388 (6th Cir. 1992). Moreover, "whether [a federal] employee was acting within the scope of his employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred." *RMI Titanium Co. v. Westinghouse Electric Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996); *Woods v. McGuire*, 954 F.2d at 390.

In the present case, the United States Attorney for the Southern District of Ohio, acting pursuant to the Attorney General's delegation of authority, has certified that both Defendants were acting within the scope of their employment at the time of the alleged conduct.[4] (Doc. 7, Ex. C). A "scope certification" by a United States Attorney is considered *prima facie* evidence that a federal employee was acting within the scope of his employment at the time of the events alleged and puts the burden on the plaintiff to produce specific facts to rebut the certification. *RMI Titanium Co.*, 78 F.3d at 1143; *see also Arbour v. Jenkins*, 903 F.2d at 421; *Kimbro v. Velten*, 30 F.3d 1501, 1509 (D.C. Cir. 1994). Plaintiffs have provided no evidence to rebut the U.S. Attorney's certification. Moreover, the U.S. Attorney's scope certification is in accord with Ohio law that "employees . . . are within the scope of employment if acting in the course of

---

[4] 28 U.S.C.§ 2679(d)(1) provides that,

Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

The Attorney General has delegated to the United States Attorney the authority to provide the scope certification pursuant to the Westfall Act. *See* 28 C.F.R. §15.3 (1989). *RMI Titanium Co.*, 78 F.3d at 1143.

8

employment and within their authority." *See Woods,* 954 F.2d at 390 (citing *Stranahan Bros. Catering Co. v. Coit,* 45 N.E. 634 (1896))[5]. Plaintiffs' claims, as alleged in their Complaint, fail to indicate that at any time relevant to the issuance of the indictment and summons, Defendants were acting in any capacity other than within the scope of their employment. As such, we find that Defendants are immune from common law tort liability in this matter and Plaintiffs' claims should be dismissed.

### Defendants' 12(b)(1) Motion to Dismiss Should be Granted

Under a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, defendants can attack the complaint's jurisdictional allegations even though they are formally sufficient. *Baker v. Siemens Energy and Automation, Inc.,* 838 F. Supp. 1227, 1229 (S.D. Ohio 1993)(Spiegel, J.). When the Court reviews a factual attack on subject matter jurisdiction, no presumption of truthfulness applies to the factual allegations of the complaint. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). The Court may rely on affidavits or any other evidence properly before it and has wide latitude to collect evidence to determine the issue of subject matter jurisdiction. *Rogers v. Stratton Industries, Inc.,* 798 F.2d 913, 915 (6th Cir. 1986). The Court is entitled to resolve factual disputes and is free to weigh the affidavits, documents and other evidentiary matters presented and satisfy itself as to its power to hear the case. *Ritchie,* 15 F.3d at 598. The Court must consider factual issues in a manner that is fair to the nonmoving party. *Rogers,* 798 F.2d at 915. Plaintiff must demonstrate jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority,* 895 F.2d 266, 269 (6th Cir. 1990). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

Because Defendants have been found to have acted within the scope of their employment, the United States must be substituted as the party defendant pursuant to 28 U.S.C. § 2679(d)(1). 28 U.S.C. § 2679(d)(4) further provides that,

Upon certification, any action or proceeding subject to

---

[5] The US Attorney's scope certification is also comparable to the Declarations of Defendants Kohnen, Jordan, and Karen Jones, Defendant Jordan's supervisor at the time Defendant Jordan issued the summons at issue.

9

> paragraph (1), (2), or (3) shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those actions.

28 U.S.C. §2679(d)(4). It is well settled that the United States is immune from suit except where such immunity has been waived by statute. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940); *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002); *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115 (6th Cir. 1988). Any waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *United States v. King*, 395 U.S. 1, 4 (1969); *Soriano v. United States*, 352 U.S. 270, 276 (1957). The Supreme Court has stated:

> A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign. To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims. A statute's legislative history cannot supply a waiver that does not appear clearly in any statutory text; "the 'unequivocal expression' of elimination of sovereign immunity that we insist upon is an expression in statutory text."

*Lane v. Pena*, 518 U.S. 187, 192 (1996)(citations omitted).

When Congress adopted the Federal Tort Claims Act ("FTCA"), it waived the United States' sovereign immunity as to torts, stating that "[t]he United States shall be liable ... in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. §§ 1346(b); 2674. "A prerequisite to suit under the FTCA ... is the exhaustion by the plaintiff of administrative remedies." *Lundstrum v. Lying*, 954 F.2d 1142, 1145(6th Cir. 1991) (citing 28 U.S.C. § 2675(a)). Under the FTCA, tort actions against the United States cannot be brought "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in

10

writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The Sixth Circuit has held that the timely filing of an administrative claim is a jurisdictional prerequisite under the FTCA. *See Willis v. United States,* No. 91-4111, 1992 WL 180181 at *2 (6th Cir. 1992)(citing *Rogers v. United States,* 675 F.2d 123, 124 (6th Cir. 1982)). In determining whether an administrative claim has been filed in accordance with § 2675(a), "a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a).

In the present case, Defendants have provided the Declaration of Aleta Bodolay, a Claims Specialist with the United States Department of Justice, indicating that Plaintiffs have not filed an administrative tort claim with the United States Department of Justice with respect to the alleged actions of Defendant Kohnen. Defendants have also submitted the Declaration of John L. Chastain, Assistant Counsel of the Administrative Office of the United States Courts, indicating that Plaintiffs have filed no administrative tort claim with the Administrative Office of the United States with respect to the alleged conduct of Defendant Jordan. Consequently, we find that the Court does not have jurisdiction over the subject matter of Plaintiffs' common law tort claims, to the extent such claims may be inferred from Plaintiffs' Complaint, and said claims should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT

1) Plaintiffs' Motion to Remand (Doc. 8) be DENIED.

2) Defendants' Motion to Dismiss (Doc. 7) be GRANTED and Plaintiffs' Complaint be DISMISSED.

3) This case be TERMINATED on the Court's Docket.

Date 9/27/07

Timothy S. Hogan
United States Magistrate Judge

11

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\SMITHLE\MTNDISM\Gillham.mtd.wpd

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Drew A. Gillham<br>Stacy Gillham<br>11513 Deer Trace Lane<br>Harrison, OH 45030 | D. Is delivery address different from item 1? ☐ Yes ☐ No<br>If YES, enter delivery address below:<br><br>3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)   ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7007 1490 0001 0562 6189 |

PS Form 3811, August 2001   Domestic Return Receipt   102595-01-M-2509

1:06cv495
Doc. 10