```
               UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION


DREW GILLHAM, et. al.,          :
                                :         NO. 1:06-CV-00495
        Plaintiffs,             :
                                :
    v.                          :
                                :         OPINION AND ORDER
KENDRA JORDAN, et. al.,         :
                                :
        Defendants.             :
```

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 10), to which there were no objections. For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation.

On April 5, 2006, a federal grand jury in Cincinnati issued an Indictment against Plaintiff Drew Gillham (doc. 2). Defendant Ralph Kohnen, an Assistant United States Attorney and Deputy Criminal Chief in the United States Attorney's Office for the Southern District of Ohio, signed the Indictment (Id.). On April 12, 2006, Defendant Kendra Jordan, a deputy clerk for this Court, issued a Criminal Summons to Plaintiff Drew Gillham, instructing him to appear and answer the Indictment against him (Id.). Plaintiff Drew Gillham failed to appear in federal court as required by the Summons and was subsequently arrested pursuant to a warrant on May 1, 2006 (Id.).

Plaintiff Drew Gillham and his wife filed their Complaint in the Hamilton County Court of Common Pleas on June 29, 2006,

alleging that the signed Indictment and summons constituted "sham" legal documents under O.R.C. § 2921.52 and that Defendants, in their respective individual capacities, are liable for resulting damages (Id.). On July 26, 2006, Defendant Kohnen and Defendant Jordan, pursuant to 28 U.S.C. § 1442(a)(1) and (3) and 28 U.S.C. § 1446, removed the lawsuit to this Court (doc. 1). On September 25, 2006, Defendants filed a motion requesting that the Court dismiss the claims asserted against them in this lawsuit or, in the alternative, grant them summary judgment (doc. 7). Plaintiffs filed what the Magistrate Judge construed to be a motion for remand on October 25, 2006 (docs. 8,10).

       In his September 27, 2007 Report and Recommendation, the Magistrate Judge reviewed the factors used to determine whether removal to federal court is proper, and found that this case was properly removed to this Court (doc. 10). The Magistrate Judge specifically noted that 28 U.S.C. § 1442 entitles federal officers and employees sued in an individual capacity for acts done in their official capacity to remove the case to the federal district and division embracing the place where it is pending (Id.). In this case, the Magistrate Judge found that Defendants Kohnen and Jordan were acting within the scope of their official duties when they signed the Indictment and issued the summons, respectively, and that the relationship between the Plaintiffs and Defendants was derived solely from the Defendants' official duties (Id.). The

Magistrate Judge further found that the Defendants complied with applicable procedural rules for removal (Id.). Therefore, the Magistrate Judge found that the case was properly removed to this Court, and remand would be inappropriate (Id.). Additionally, the Magistrate found that Plaintiffs' request for remand was untimely and exceeded the thirty-day window provided by 28 U.S.C. § 1447(c) by almost two months (Id.). Accordingly, the Magistrate Judge did not find Plaintiffs' motion for remand to be well-taken (Id.).

The Magistrate Judge also reviewed the Defendants' Motions to Dismiss under Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, and found that both Motions should be granted (Id.). Specifically, the Magistrate Judge found that the Plaintiffs had failed to state a claim for which relief could be granted because both Defendants are entitled to immunity from the Plaintiffs' action. The Magistrate Judge found that Defendant Kohnen, who was acting in his official capacity as a prosecutor when he signed the Indictment, is entitled to absolute prosecutorial immunity under Malley v. Briggs, 475 U.S. 335, 343 (1986) and Ireland v. Tunis, 113 F.3d 1435, 1446-47 (6th Cir. 1997) (Id.). The Magistrate Judge found that because issuance of a summons is a judicial or quasi-judicial act, Defendant Jordan's issuance of the summons is entitled to absolute quasi-judicial immunity under Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994)(Id. citing Coleman v. Farnsworth, 90 Fed. Appx. 313, No. 03-3296, 2004

3

WL 339590 (10th Cir. Feb. 24, 2004)).  The Magistrate Judge further found that because the Defendants were acting within the scope of their employment at the time of the alleged conduct, they are immune from common law tort liability under the Westfall Act, 28 U.S.C. § 2679.

Finally, the Magistrate Judge recommended that the Plaintiffs' suit be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (Id.). Specifically, the Magistrate Judge found that because Defendants were acting within the scope of their federal employment, the United States must be substituted as the party defendant pursuant to 28 U.S.C. § 2679(d) (Id.).  The Magistrate Judge noted that although the United States through the Federal Tort Claims Act has waived its sovereign immunity as to torts, a prerequisite to such a suit is exhaustion by the plaintiff of administrative remedies (Id. citing Lundstrum v. Lying, 954 F.2d 1142, 1145 (6th Cir. 1991) and 28 U.S.C. § 2675(a)).  In the present case, the Magistrate Judge found that Plaintiffs have filed no administrative tort claims against either of the Defendants (Id.).  Accordingly, the Magistrate Judge found well-taken Defendants' dispositive motions as to Plaintiffs' claims (Id.).

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned.  For the reasons stated above, this case was properly

4

removed to this Court, remand is inappropriate, this case is properly dismissed because Plaintiffs have failed to state a claim for which relief can be granted, and this case is properly dismissed for lack of subject matter jurisdiction. Plaintiffs did not object to the Magistrate Judge's opinion, and the Court finds warranted a judgment for Defendants.

Proper notice was provided to the Parties under Title 28 U.S.C. § 636(b)(1)(C), including the notice that they would waive further appeal if they failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). No objections were filed.

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court finds well-taken and correct the Magistrate Judge's Report and Recommendation (Id.). Accordingly, the Court hereby ADOPTS the Magistrate Judge's Report and Recommendation (Id.), AFFIRMS the Magistrate Judge's recommended decision (Id.), DENIES the Plaintiffs' Motion to Remand (doc. 8), GRANTS Defendants' Motion to Dismiss (doc. 7), and TERMINATES this case from the Court's docket.

SO ORDERED.

Date: January 23, 2008   /s/ S. Arthur Spiegel
                         S. Arthur Spiegel
                         United States Senior District Judge

5